◼ In the Matter of Markus MM., a Child Alleged to be Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DONNA MM., Appellant. [792 NYS2d 704]—

Crew III, J. Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered June 7, 2004, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected.

In October 2003, respondent was adjudicated to have neglected three of her children. In the dispositional order rendered in that proceeding, Family Court made a finding that respondent, then pregnant with her seventh child, had failed to receive any prenatal care and the court directed respondent to, among other things, obtain regular prenatal care from a certified provider and refrain from using alcohol or other nonprescribed substances. Thereafter, in November 2003, respondent gave birth, at home, to Markus, the child who is the subject of this proceeding.

Markus was removed from respondent's home on the day of his birth, and petitioner thereafter commenced this proceeding seeking to adjudicate Markus a neglected child. Following a hearing, at which petitioner's representatives appeared and testified and the child's medical records were received in evidence, Family Court adjudicated Markus to be a neglected child and placed him in the custody of a family friend until April 25, 2005. This appeal by respondent ensued.

Respondent, as so limited by her brief, contends only that Family Court's finding of neglect is not supported by a preponderance of the evidence. We disagree. A "neglected child" is defined, in part, as one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent . . . to exercise a minimum degree of care . . . by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012 [f] [i] [B]), and includes, insofar as is relevant to this appeal, a child whose parent or other legally responsible individual has failed to provide the child with adequate medical care (*see* Family Ct Act § 1012 [f] [i] [A]). In this regard, the case law makes clear that "[a]ctual injury or impairment need not be found, as long as a preponderance of the evidence establishes that the child is in 'imminent danger' of either injury or impairment" (*Matter of Katie R.*, 251 AD2d 698, 699 [1998], *lv denied* 92 NY2d 809 [1998]; *see Matter of Katlyn GG.*, 2 AD3d 1233, 1234 [2003]).

While it is true, as respondent points out, that the fact that her child tested positive for cocaine is not, in and of itself, sufficient to sustain a finding of neglect (*see Matter of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73, 79 [1995]), the record before us also establishes that respondent, among other things, failed to obtain regular prenatal care from a certified provider (in contravention of Family Court's prior order) and, following the child's birth, hid in her apartment, evaded the police and, in so doing, deprived her son of appropriate

postbirth medical care.\* These facts, coupled with the prior finding of neglect as to three of the child's siblings (*see* Family Ct Act § 1046 [a] [i] ["proof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child"]), are sufficient to support the underlying finding of neglect. Family Court's order is, accordingly, affirmed.

Cardona, P.J., Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.

---

\* When the police finally located the child, the umbilical cord and placenta were still attached.