■ In the Matter of NOTORIOUS YY., a Child Alleged to be Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FRITZ YY., Appellant, et al., Respondent. [822 NYS2d 670]—

Carpinello, J. Appeal from an order of the Family Court of Otsego County (Coccoma, J.), entered September 27, 2005, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondents' child to be neglected.

Following a fact-finding hearing, respondent Fritz YY. (hereinafter respondent) was found to have medically neglected his infant son, who was born in 2002 with a large umbilical hernia. During the dispositional phase of the matter, an agreement was reached settling not only the dispositional aspect of the neglect proceeding but also various extant custody proceedings between and among respondent, the child's mother and the maternal grandfather and his spouse. Pursuant to this agreement, the mother and maternal grandparents would have joint legal custody, the grandparents would have physical custody and respondent would have weekly supervised visitation.* Respondent appeals, challenging the finding of medical neglect against him and further alleging that the written dispositional order did not comply with Family Ct Act § 1052. We now affirm.

Contrary to respondent's contentions, the finding of medical

---

* Not only did respondent consent to this agreement, it was his idea.

neglect was supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i] [A]; § 1046 [b] [i]). The record reveals that respondent was awarded temporary custody of the child pursuant to a November 19, 2003 order. Shortly thereafter, he and the child began residing with the mother. As of January 2004, at the very latest, respondent was well aware that the child's umbilical hernia required medical evaluation and treatment. In particular, at this time, the child was referred to a surgeon concerning if and when surgical intervention was warranted.

In February 2004, respondent moved out of the mother's residence amid cross allegations of domestic violence. Although he had been awarded temporary custody of the child and had concerns about the mother's ability to care for him, he nevertheless left the child with the mother. Thereafter, the child missed three appointments with the surgeon. According to the referring nurse practitioner who treated the child, if an umbilical hernia is left untreated, a medical emergency could arise in that the bowel can get caught in the hernia and become strangulated. Indeed, according to the nurse practitioner, a strangulated hernia is fatal.

As noted in *Matter of Markus MM.* (17 AD3d 747, 748 [2005]), a neglected child includes "a child whose parent . . . has failed to provide the child with adequate medical care" (*see* Family Ct Act § 1012 [f] [i] [A]). Moreover, "[a]ctual injury or impairment need not be found, as long as a preponderance of the evidence establishes that the child is in imminent danger of either injury or impairment" (*Matter of Markus MM., supra* at 748 [internal quotation marks and citations omitted]). Here, we are satisfied that respondent's failure to follow through with necessary treatment for the child's serious medical condition supported the finding of medical neglect on his part (*see Matter of William AA.*, 24 AD3d 1125, 1126-1127 [2005], *lv denied* 6 NY3d 711 [2006]; *see generally Matter of Amanda M.*, 28 AD3d 813, 815 [2006]).

As a final matter, as respondent consented to the dispositional resolution of this matter, he is not prejudiced by any alleged deficiencies in the written dispositional order (*see e.g. Matter of Stephani FF.*, 296 AD2d 606 [2002]).

Cardona, P.J., Mercure, Peters and Rose, JJ., concur. Ordered that the order is affirmed, without costs.