■ In the Matter of TERESA J., Respondent, v TANYA H., Appellant. [857 NYS2d 844]—

Appeal from an order of the Family Court, Ontario County (Frederick G. Reed, J.), entered January 24, 2007. The order denied the petition of respondent seeking to revoke her consent to letters of guardianship.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order denying her petition seeking to revoke her consent to letters of guardianship appointing petitioner nonparent as the guardian of her child. We agree with the mother that Family Court erred in determining that the nonparent was not required to establish the existence of extraordinary circumstances in order to retain custody of the child even where, as here, a prior order granting custody of the child to a nonparent was made upon consent of the parties (*see Matter of Katherine D. v Lawrence D.*, 32 AD3d 1350, 1351 [2006], *lv denied* 7 NY3d 717 [2006]; *Matter of Vincent A.B. v Karen T.*, 30 AD3d 1100, 1101 [2006], *lv denied* 7 NY3d 711 [2006]; *Matter of Guinta v Doxtator*, 20 AD3d 47, 53-55 [2005]). Rather, the court should have determined whether there were extraordinary circumstances and, if so, what custody disposition was in the best interests of the child. It is well settled that "[t]he State may not deprive a parent of the custody of a child absent surrender, abandonment, persisting neglect, unfitness, or other like extraordinary circumstances. If any of such extraordinary circumstances are present, the dispo-

sition of custody is influenced or controlled by what is in the best interest[s] of the child" (*Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]). Nevertheless, we need not remit the matter for a new hearing because the record is adequate to enable us to determine that there are extraordinary circumstances herein (*see Katherine D.*, 32 AD3d at 1351; *Vincent A.B.*, 30 AD3d at 1101). Indeed, the record establishes that the mother is unfit to care for her child, who was born in March 2005 and has been in the custody of the nonparent since she was approximately eight months old (*see generally Bennett*, 40 NY2d at 544). Present—Martoche, J.P., Centra, Lunn, Fahey and Gorski, JJ.