In the Matter of GEORGE S. and Another, Children Alleged to be Abused. HILTON A., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [24 NYS3d 585]—

Order of disposition, Family Court, Bronx County (Robert D. Hettleman, J.), entered on or about May 23, 2014, insofar as it brings up for review a fact-finding order, same court (Marcelle Z. Brandes, J.), entered on or about December 23, 2013, which, to the extent appealed from as limited by the briefs, found that respondent father had derivatively severely abused the younger subject child, unanimously affirmed, without costs. Appeal from fact-finding order unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.

Family Court's determination that the father had severely

derivatively abused his biological son is supported by clear and convincing evidence (Family Ct Act § 1051 [e]; *Matter of Marino S.*, 100 NY2d 361, 374 [2003], *cert denied* 540 US 1059 [2003]). The record amply supports Family Court's finding that the father was the primary caregiver for his son and his son's two half siblings, and that he abused one of those children, a three-year-old girl, in a manner so severe that it ultimately caused her death. The court credited the medical examiner's testimony that the girl's death was a homicide, caused by a blow to her abdomen powerful enough to rip her bowel, and that she had numerous patterned abrasions on her body indicative of child abuse. The agency thus established a prima facie case of severe abuse (*see* Social Services Law § 384-b [8] [a] [i]), which creates a "presumption" of culpability extending to the child's caregivers, and shifted the "burden of explanation or of going [forward]" to the father, who offered no evidence and did not testify (*Matter of Philip M.*, 82 NY2d 238, 244 [1993] [internal quotation marks omitted]; *see Matter of Dashawn W. [Antoine N.]*, 21 NY3d 36, 49 [2013]).

Based on the finding of severe abuse of the girl, Family Court correctly determined that the father's son was severely derivatively abused, even without direct evidence of injuries sustained by that child (*Matter of Marino S.*, 100 NY2d at 374). Concur—Mazzarelli, J.P., Acosta, Andrias and Moskowitz, JJ.