# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**722**

**CAF 13-01822**

PRESENT: WHALEN, P.J., CARNI, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

IN THE MATTER OF MARY R.F., MIRABELLA H. AND
MIRAJ M.
-------------------------------------------          MEMORANDUM AND ORDER
CAYUGA COUNTY DEPARTMENT OF HEALTH AND HUMAN
SERVICES, PETITIONER-RESPONDENT;

ANGELA I., RESPONDENT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF
COUNSEL), FOR RESPONDENT-APPELLANT.

DAVID P. ELKOVITCH, AUBURN, FOR PETITIONER-RESPONDENT.

ROBERT A. DINIERI, ATTORNEY FOR THE CHILDREN, CLYDE.

---

Appeal from an order of the Family Court, Cayuga County (Thomas
G. Leone, J.), entered September 9, 2013 in a proceeding pursuant to
Family Court Act article 10.  The order determined that respondent had
neglected the subject children.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  In this Family Court Act article 10 proceeding,
respondent mother appeals from an order finding that she neglected her
children.  The mother contends that Family Court erred in denying her
motion to dismiss the petition at the close of petitioner's proof on
the ground that petitioner failed to prove by a preponderance of the
evidence that the children were neglected.  We reject that contention.
"While the burden of proving abuse or neglect always rests with
petitioner, upon a motion to Family Court to dismiss a Family Court
Act article 10 petition at the close of petitioner's case, 'the proper
inquiry [is] whether petitioner [has] made out a prima facie case,
thereby shifting the burden to respondent[] to rebut the evidence of
parental culpability' " (*Matter of Camara R.*, 263 AD2d 710, 712).  We
conclude that petitioner met its initial burden by establishing that
the mother's home was maintained in an unsafe and unsanitary condition
(*see Matter of Nathifa B.*, 294 AD2d 432, 433, *lv denied* 98 NY2d 616),
and that the mother failed to follow up with the primary care
physician of one of the children as instructed by hospital emergency
department providers after they examined the child for an alleged
incident of sexual abuse (*see Matter of Andrei S.*, 47 AD3d 721, 721;
*Matter of Notorious YY.*, 33 AD3d 1097, 1098).  Upon our review of the
entire record, we further conclude that there is a sound and

substantial basis for the court's ultimate determination that the children were neglected, i.e., in that they were "in imminent danger of impairment as a result of the failure of [the mother] to exercise a minimum degree of care" in providing proper supervision or guardianship (§ 1012 [f] [i] [B]; *see Matter of Jeromy J. [Latanya J.]*, 122 AD3d 1398, 1398-1399, *lv denied* 25 NY3d 901).

The mother's contention that the Attorney for the Children had a conflict of interest that adversely impacted her representation of the children is raised for the first time on appeal and thus is unpreserved for our review (*see Matter of Wood v Hargrave*, 292 AD2d 795, 796, *lv denied* 98 NY2d 608; *see also Matter of Carrieanne G.*, 15 AD3d 850, 850, *lv denied* 4 NY3d 709).

Entered:  November 10, 2016                    Frances E. Cafarell
                                                Clerk of the Court