■ In the Matter of MACKENZIE P.G. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; TIFFANY P. et al., Appellants. [48 NYS3d 778]—

Appeals by Tiffany P. and Rahshead W. from an amended order of fact-finding and disposition of the Family Court, Richmond County (Arnold Lim, J.), dated December 10, 2015. The order, insofar as appealed from by Tiffany P., found that she had severely abused, physically abused, and medically neglected the subject child and, insofar as appealed from by Rahshead W., found that he had physically abused and medically neglected the subject child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The appellant Tiffany P. is the subject child's mother, and the appellant Rahshead W. is the mother's boyfriend. On January 10, 2013, the Administration for Children's Services (hereinafter the petitioner) filed a petition against the appellants, alleging severe or repeated abuse of the child, who was then 2½ years old. The petition alleged that, on the night of January 5, 2013, the child was brought by ambulance to the Richmond University Medical Center because the appellants reported that she was not breathing properly. Tests revealed that the child had a skull fracture, bilateral hemorrhaging of the eyes, swelling of the brain, and a collection of old blood in her brain. These injuries were indicative of child abuse. Neither the mother nor the boyfriend offered any explanation at that time as to how the child sustained the injuries. On January 13, 2013, the child died, and the cause of death was determined to be a head injury caused by blunt force trauma.

Following a fact-finding hearing, the Family Court found that the mother had severely abused, physically abused, and medically neglected the child. The court also found that the mother's boyfriend was a person legally responsible for the child, and that he had physically abused and medically neglected the child. The mother and the boyfriend each appeal.

The petitioner established, by clear and convincing evidence, that the mother severely abused the child (see Social Services Law § 384-b [8] [a] [i]; Family Ct Act § 1051 [e]). The testimony of the two medical experts called by the petitioner established that the child suffered "serious physical injury" inasmuch as she suffered, inter alia, a skull fracture, a subdural hematoma intrahemispherically, and swelling of the brain when she presented at the hospital. The expert also testified that the constellation of injuries sustained by the child could not have been caused accidentally or been self-inflicted, and that these injuries culminated in the child's death. The testimony of the petitioner's caseworker further established that the mother and the boyfriend were the only two persons who cared for the

child in the 24 hours before her hospitalization and that, according to the statements made by both the mother and boyfriend during the caseworker's investigation, the child appeared healthy and normal for the majority of the day and the mother alone was caring for the child in the few hours immediately before her hospitalization. Moreover, the nature and severity of the child's injuries, coupled with the mother's failure to offer any explanation for those injuries, supported a finding that she acted recklessly or intentionally under circumstances evincing a depraved indifference to human life within the meaning of Social Services Law § 384-b (8) (a) (*see Matter of Dashawn W. [Antoine N.]*, 21 NY3d 36, 49 [2013]; *Matter of Marino S.*, 100 NY2d 361, 372 [2003]).

As such, the petitioner established a prima facie case of severe abuse, which created a presumption of culpability extending to the mother and shifted the burden of explanation or of going forward to her (*see Matter of Dashawn W. [Antoine N.]*, 21 NY3d at 49; *Matter of Philip M.*, 82 NY2d 238, 244 [1993]; *Matter of George S. [Hilton A.]*, 135 AD3d 563, 564 [2016]). The mother did not offer any evidence to rebut the petitioner's showing and declined to testify at the hearing, which warranted the Family Court drawing the strongest possible negative inference against her (*see Matter of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73, 79 [1995]). Therefore, the finding that the mother severely abused the child was supported by clear and convincing evidence.

With respect to the boyfriend, there is no merit to his contention that he was not a person legally responsible for the child, since he testified that he frequently stayed in the same home as the mother and child and undertook various obligations with respect to the child, including feeding her, transporting her to and from daycare, and watching her when the mother was at school (*see Matter of Yolanda D.*, 88 NY2d 790, 796 [1996]).

The petitioner established a prima facie case of child abuse against the boyfriend by eliciting testimony from its witnesses that established that the child sustained an injury which would ordinarily not occur absent an act or omission of the boyfriend, and that the boyfriend was a caretaker of the child "at the time the injury occurred" (*see* Family Ct Act § 1046 [a] [ii]; *Matter of Philip M.*, 82 NY2d 238, 243 [1993]; *Matter of Tyler S. [Melissa J.]*, 103 AD3d 731, 733 [2013]). After a prima facie case of abuse was established, the burden of going forward shifted to the boyfriend to offer a reasonable explanation as to how the injury occurred (*see Matter of Philip M.*, 82 NY2d at 244; *Matter of Tyler S. [Melissa J.]*, 103 AD3d at 733).

While the boyfriend did testify in his own defense and implicated the mother, his testimony placed him in the room with the mother and the child at the time that the injuries to the child occurred. Despite the boyfriend's claim that he had no direct involvement in the child's injury, a parent or person legally responsible who stands by while others inflict harm may be found responsible for that harm (*see* Family Ct Act § 1012 [e] [ii]). As such, the finding that the boyfriend physically abused the child was supported by a preponderance of the evidence.

The appellant's remaining contentions are without merit. Chambers, J.P., Hall, Maltese and Brathwaite Nelson, JJ., concur.