Matter of Mya N. (Reginald N.--Sadie H.) (2020 NY Slip Op 04266)





Matter of Mya N. (Reginald N.--Sadie H.)


2020 NY Slip Op 04266


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


649 CAF 18-02004

[*1]IN THE MATTER OF MYA N. AND SERENITY N. LIVINGSTON COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; REGINALD N. AND SADIE H., RESPONDENTS-APPELLANTS.






PAUL B. WATKINS, FAIRPORT, FOR RESPONDENT-APPELLANT REGINALD N.
BETZJITOMIR LAW OFFICE, BATH (SUSAN M. BETZJITOMIR OF COUNSEL), FOR RESPONDENT-APPELLANT SADIE H. 
SCOTT D. CANNON, MOUNT MORRIS, FOR PETITIONER-RESPONDENT. 
MICHAEL W. STIVERS, GENESEO, ATTORNEY FOR THE CHILDREN. 


 Appeals from an order of the Family Court, Livingston County (Robert B. Wiggins, J.), entered September 11, 2018 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondents had severely abused the older child and derivatively neglected the younger child. 
It is hereby ORDERED that the order so appealed from is affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondents separately appeal from an order entered after a fact-finding hearing that, inter alia, adjudged that the older child was severely abused by respondents and that the younger child was derivatively neglected. Respondents are the biological parents of the younger child. Respondent father is also the biological father of the older child and respondent Sadie H. (Sadie) is her stepmother. Family Court's finding of severe abuse was based on two incidents in which the father found the older child at the bottom of the basement stairs in the morning. After the first incident, the older child sustained back and leg injuries, torso abrasions and facial bruising that was so severe that she could not open her eyes all the way. After the second incident, the child had two lacerations across the front of her neck that required significant medical attention.
With respect to the father's appeal, we conclude that he failed to preserve for appellate review his contention that the court improperly granted petitioner's request to conform the pleadings to the proof and, in any event, that contention lacks merit (see Matter of Ashley S. [Rebecca S.-C.], 157 AD3d 536, 536 [1st Dept 2018]).
Contrary to the further contention of the father, a sound and substantial basis in the record exists for the court's finding that the older child was abused by the father. As relevant here, in order to sustain a finding of abuse, a petitioner must demonstrate by a preponderance of the evidence that the parent or other person legally responsible for the child's care "inflict[ed] or allow[ed] to be inflicted upon such child physical injury by other than accidental means which cause[d] or create[d] a substantial risk of death, or serious or protracted disfigurement, or protracted impairment of physical or emotional health or protracted loss or impairment of the function of any bodily organ" (Family Ct Act § 1012 [e] [i]; see
§ 1046 [b] [i]).
The petitioner establishes a prima facie case of child abuse or neglect by submitting evidence that a child suffered "injuries that would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the care of such [*2]child' " at the time the injuries occurred (Matter of Avery KK. [Nicholas KK.], 144 AD3d 1429, 1430 [3d Dept 2016], quoting Family Ct Act § 1046 [a] [ii]; see Matter of Philip M., 82 NY2d 238, 243-244 [1993]; Matter of Zarhianna K. [Frank K.], 133 AD3d 1368, 1369 [4th Dept 2015]). If the petitioner demonstrates a prima facie case, "it then falls to the respondents to rebut the presumption of culpability by offering a reasonable and adequate explanation for how the child sustained the injur[ies]" (Matter of Ashlyn Q. [Talia R.], 130 AD3d 1166, 1167 [3d Dept 2015]; see Philip M., 82 NY2d at 244).
Here, as noted, petitioner presented evidence that, during both incidents, the older child was found at the bottom of the basement stairs and sustained injuries, including severe bruising and slashes to her throat. Those incidents occurred while the older child was being supervised by respondents. When the father discovered the injuries, he did not immediately seek medical treatment for the older child (see Matter of Logan C. [John C.], 154 AD3d 1100, 1102-1103 [3d Dept 2017]). Moreover, petitioner presented the testimony of a physician expert, who stated that the injuries sustained by the older child in the second incident were not accidental, but were intentional. We therefore conclude that petitioner established a prima facie case of child abuse with respect to the father. In opposition to petitioner's prima facie showing, the father failed to rebut the presumption of culpability inasmuch as he failed to offer a reasonable and adequate explanation for how the older child sustained her injuries.
Contrary to the father's contention, we also conclude that the court properly determined that he severely abused the older child. Although, as both petitioner and the Attorney for the Children correctly concede, the court erred in failing to set forth the clear and convincing evidence forming the basis for that determination (see Family Ct Act § 1051 [e]), this Court has the authority to independently review the record and make such a finding (see Matter of White v Byrd-McGuire, 163 AD3d 1413, 1414 [4th Dept 2018]; cf. Matter of Nicholas S. [John T.], 107 AD3d 1307, 1311 [3d Dept 2013], lv denied 22 NY3d 854 [2013]).
A finding of severe abuse requires clear and convincing evidence that a child was found to be abused "as a result of reckless or intentional acts of the parent committed under circumstances evincing a depraved indifference to human life, which result in serious physical injury to the child as defined in [Penal Law § 10.00 (10)]" (Social Services Law § 384-b [8] [a] [i]; see Family Ct Act §§ 1046 [b] [ii]; 1051 [e]). Here, the older child suffered severe injuries, including cuts to her throat that required a significant amount of medical attention and serious bruising. The act of cutting the older child's throat twice demonstrates that the actor did so because he or she simply did not care whether grievous harm would result to the older child. Even assuming, arguendo, that the evidence did not establish that the father was the one who inflicted those injuries, we conclude that the evidence demonstrates that he was in the home when the older child sustained her serious physical injuries and that he offered no compelling explanation for what caused them or why he failed to seek immediate medical help for her after discovering those injuries (see Matter of Amirah L. [Candice J.], 118 AD3d 792, 794 [2d Dept 2014]).
We disagree with the dissent's view that petitioner was required to present evidence that the father's delay in seeking medical treatment exacerbated the older child's injuries or complicated the older child's medical treatment. A finding of severe abuse is warranted where a parent "recklessly allow[s] [the serious physical] injuries to be inflicted under circumstances evincing a depraved indifference to human life" (Matter of Vivienne Bobbi-Hadiya S. [Makena Asanta Malika McK.], 126 AD3d 545, 545 [1st Dept 2015], lv denied 25 NY3d 909, 1064 [2015]; see Social Services Law § 384-b [8] [a] [i]; see also Matter of Mason F. [Katlin G.-Louis F.], 141 AD3d 764, 766-767 [3d Dept 2016], lv denied 28 NY3d 905 [2016]). Here, despite the fact that the father was aware of the injuries sustained by the older child after the first incident, he took no additional precautions with respect to the older child's care. Furthermore, the father's failure to seek immediate medical care after observing two severe lacerations on the older child's neck at the time of the second incident "supports the finding of severe abuse" (Matter of Heaven C.E. [Tiara C.], 164 AD3d 1177, 1178 [1st Dept 2018]; see Matter of Nyheem E. [Jamila G.], 134 AD3d 517, 518 [1st Dept 2015]).
On her appeal, Sadie contends that the court's finding that she abused the older child is against the weight of the evidence. We reject that contention. Petitioner made a prima facie showing that Sadie abused the older child by presenting evidence that the older child suffered [*3]from, inter alia, lacerations to the throat, an injury that "would ordinarily not occur absent an act or omission of [Sadie], and . . . that [Sadie was a] caretaker[] of the [older] child at the time the injury occurred" (Philip M., 82 NY2d at 243). While Sadie attempted to meet her burden of rebutting that prima facie case by presenting testimony that she was not present in the home when the older child's injuries occurred and that the child may have been sleepwalking at the time or inflicted self-injury (see generally Matter of Damien S., 45 AD3d 1384, 1384 [4th Dept 2007], lv denied 10 NY3d 701 [2008]), the court found such testimony to be incredible. Moreover, petitioner presented in rebuttal the testimony of a victim witness coordinator, who testified that the older child informed her that Sadie had cut the older child's throat with a knife. Therefore, according deference to the court's assessment of credibility, we conclude that the weight of the evidence supports the court's finding that the older child was abused by Sadie (see generally id. at 1384).
We further conclude that Sadie's contention that the Lincoln hearings violated her due process rights is unpreserved inasmuch as she did not object to the court conducting those hearings and did not object to her counsel's exclusion from those hearings (see generally Matter of Brian S. [Tanya S.], 141 AD3d 1145, 1146 [4th Dept 2016]; Matter of Jennifer WW., 274 AD2d 778, 779 [3d Dept 2000], lv denied 98 NY2d 764 [2000]). Contrary to Sadie's additional contention, she has
" failed to demonstrate that she was afforded less than meaningful representation by counsel' " (Matter of Matthew B., 24 AD3d 1183, 1183 [4th Dept 2005]; see generally People v Baldi, 54 NY2d 137, 147 [1981]).
We have reviewed the remaining contentions of respondents and conclude that none warrants modification or reversal of the order.
All concur except Curran, J., who dissents and votes to modify in accordance with the following memorandum: I respectfully dissent in part. I disagree with the majority's conclusion that petitioner established by clear and convincing evidence that respondent father severely abused the older child (see Social Services Law § 384-b [8] [a] [i]; Family Ct Act §§ 1046 [b] [ii]; 1051 [e]). Although I agree with the majority that petitioner established by clear and convincing evidence that the father evinced a depraved indifference to human life when he did not promptly seek medical attention for the lacerations to the older child's throat, I disagree with the conclusion that petitioner met its burden of establishing that the father's failure to seek such treatment "result[ed] in serious physical injury to the [older] child" (Social Services Law § 384-b [8] [a] [i] [emphasis added]).
In my view, the record demonstrates by clear and convincing evidence only that respondent Sadie H., the older child's stepmother, inflicted the lacerations to the older child's neck. Indeed, the child specifically identified her as the person who caused those injuries (see generally Matter of Jezekiah R.-A. [Edwin R.-E.], 78 AD3d 1550, 1551-1552 [4th Dept 2010]). Although the record also establishes that, after learning of those injuries, the father delayed seeking medical attention for the older child for about 30 minutes, there was no evidence in the record that the father's delay, although inexcusable, actually worsened the older child's injuries (cf. Matter of Amirah L. [Candice J.], 118 AD3d 792, 794 [2d Dept 2014]; see generally Matter of Dashawn W. [Antoine N.], 21 NY3d 36, 49 [2013]). Additionally, there was no testimony, medical or otherwise, indicating that the father's delay complicated the older child's medical treatment.
I respectfully disagree with the majority's conclusion that the father's conduct following the first incident resulted in serious physical injury based on "the fact that [he] was aware of the injuries sustained by the older child after" that incident and thereafter "took no additional precautions with respect to the older child's care." The record is devoid of evidence regarding what precautions, if any, the father took with respect to the older child's care between the first incident and the subject incident. Thus, I submit that the majority's conclusion in that regard is unsupported by the record.
I further respectfully disagree with the majority's conclusion that the father's approximately 30-minute delay in seeking medical care supports the determination that the father's inaction resulted in the older child sustaining serious physical injury. As noted above, the majority fails to causally connect the father's inaction for a period of about 30 minutes to [*4]some resulting "serious physical injury to the child" (Social Services Law § 384-b [8] [a] [i]). My emphasis on the absence of any evidence that the older child's injuries were exacerbated by the father's inaction, or that his inaction complicated the older child's medical treatment, merely illustrates the missing causal link between the father's inaction and the older child's injuries—a link that I submit the majority has supplied without any supporting evidence. Thus, given the lack of evidence that the father's inaction resulted in serious physical injury, I would modify the order by vacating the finding that the father severely abused the older child (see generally Matter of Bryan O. [Zabiullah O.], 153 AD3d 1641, 1642-1643 [4th Dept 2017]). I would otherwise affirm.
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court