Matter of Prince G. (Liz C.--Patrick G.) (2020 NY Slip Op 06389)





Matter of Prince G. (Liz C.--Patrick G.)


2020 NY Slip Op 06389


Decided on November 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 10, 2020

Before: Friedman, J.P., Renwick, Oing, Mendez, JJ. 


Docket No. NA-8032/17 NA-8033/17 NA-8034/17 Appeal No. 12317 Case No. 2019-2851 

[*1]In the Matter of Prince G., and Others, Children Under the Age of Eighteen, etc., Liz C., Respondent-Appellant, Patrick G., Respondent, The Administration for Children's Services, Petitioner-Respondent. 


Carol Kahn, New York, for appellant.
James E. Johnson, Corporation Counsel, New York (Deborah E. Wassel of counsel), for respondent.
Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), attorney for the child Prince G.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the child Greysen G.
Andrew J. Baer, New York, attorney for the child Amar G.



Order, Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about October 12, 2018, which, after a fact-finding hearing, determined that respondent mother medically abused the child Amar G. and derivatively abused his two younger siblings, unanimously affirmed, without costs.
Petitioner agency established a prima faciecase of medical abuse by a preponderance of the evidence, which showed that Amar's condition "would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent" (Family Ct Act § 1046[a][ii]; see Matter of Philip M., 82 NY2d 238, 243-244 [1993]; Matter of Matthew O. [Kenneth O.], 103 AD3d 67, 72-73 [1st Dept 2012]). Contrary to respondent's contention, the court's findings were not the product of mere speculation. The timing of Amar's injuries is significant. His general condition was improving at the time of both instances of acute liver failure, and he was on the verge of discharge from the hospital, when he suffered a drastic decline, which occurred when respondent had greater access to him than she had when he was under closer hospital supervision, for instance, when he was in the pediatric intensive care unit. The record further reflects that on at least one occasion, a nurse saw respondent handling Amar's gastric tube, that it was at respondent's suggestion that the doctors investigated Amar's liver function, and that no injuries occurred after Amar was placed on 24-hour supervision.
Respondent failed to offer a plausible alternative explanation for Amar's liver failure (see Matter of Eddie Z.B. [Henrietta W.], 117 AD3d 1041 [2d Dept 2014]). Her speculation that hospital staff may have given Tylenol to Amar illicitly is insufficient, particularly in view of the evidence of the strict medication protocols in place. Thus, the court reasonably found respondent responsible for administering the toxic doses of acetaminophen that caused Amar's liver failure and reasonably concluded that she abused Amar within the meaning of Family Ct Act § 1012. Moreover, because Amar's injuries occurred when respondent had greater access to him, and did not occur when he was under close supervision at the hospital, the court reasonably deemed Amar, although hospitalized at the time, to have been in respondent's care at the time of the injuries.
Contrary to respondent's contention, the conclusions reached by the attending child abuse pediatrician were not tentative. The attending expressed heightened suspicion that this was a case of medical abuse, and her suspicion was only deepened by the many test results that ruled out non-abuse causes of Amar's liver failure. Respondent criticizes the attending for not reviewing Amar's medical records from a previous hospitalization at another hospital, acknowledging without adequately addressing the fact that she and Amar's father would not allow the attending to review those records.
Petitioner established respondent's derivative abuse of Amar's younger siblings by the evidence of her abuse of Amar, which demonstrates a fundamental defect in her understanding of the duties of parenthood (see Family Ct Act § 1046[a][i]; Matter of Diamond K., 31 AD3d 553 [2d Dept 2006]). Respondent took Amar's medical care into her own untrained hands and twice apparently interfered with his treatment to the point that his life was endangered. One of the siblings argues that there is no evidence that respondent interfered with his own medical treatment, but, given his vulnerable medical condition and the manner in which respondent apparently mishandled, and exacerbated, Amar's medical condition, we reject this argument. The record shows that continuing in respondent's care is likely to pose severe risks to Amar's siblings' physical well-being (see Family Ct Act § 1012[e][i]).
Family Court correctly denied the mother a court-appointed medical expert pursuant to County Law § 722-c, because respondent made her application orally and failed to provide any details as to the necessity for an expert (see People v Dove, 287 AD2d 806, 807 [3d Dept 2001]).
We have considered respondent's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2020