Matter of Adam M. (Susan M.) (2021 NY Slip Op 03959)





Matter of Adam M. (Susan M.)


2021 NY Slip Op 03959


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


500 CAF 19-01289

[*1]IN THE MATTER OF ADAM M. NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; SUSAN M., RESPONDENT-APPELLANT. (APPEAL NO. 1.)






ELIZABETH J. CIAMBRONE, BUFFALO, FOR RESPONDENT-APPELLANT. 
DAVID J. HAYLETT, JR., LOCKPORT, FOR PETITIONER-RESPONDENT.
JASON J. CAFARELLA, NIAGARA FALLS, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Niagara County (Kathleen Wojtaszek-Gariano, J.), entered June 25, 2019 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent had neglected the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Family Court Act articles 10 and 6, respondent mother appeals in appeal No. 1 from an order that, inter alia, adjudged the subject child to be neglected. In appeal No. 2, respondent mother appeals from an order that, inter alia, placed the subject child in the custody of the petitioners in appeal No. 2, his maternal aunt and uncle (petitioners). We reject the mother's contention in appeal No. 1 that Family Court erred in determining that the petitioner in appeal No. 1, Niagara County Department of Social Services (DSS), established, by a preponderance of the evidence, that she neglected the child (see Family Ct Act
§§ 1012 [f] [i] [B]; 1046 [b] [i]; see generally Matter of Kaylee D. [Kimberly D.], 154 AD3d 1343, 1345-1346 [4th Dept 2017]). Contrary to the mother's contention, the evidence at the fact-finding hearing established that the "child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and . . . that the actual or threatened harm to the child is a consequence of the failure of the [mother] to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; see §§ 1012 [f] [i] [B]; 1046 [b] [i]; see generally Matter of Nassau County Dept. of Social Servs. v Denise J., 87 NY2d 73, 78-79 [1995]).
Here, DSS established that the mother was not properly feeding the child and that there was no refrigerator or stove in the mother's apartment (see Matter of Joshua Hezekiah B. [Edgar B.], 77 AD3d 441, 442 [1st Dept 2010], lv denied 15 NY3d 716 [2010]; Matter of Terry S., 55 AD2d 689, 689 [3d Dept 1976]; see generally Matter of Carpenter v Puglese, 94 AD3d 1367, 1369 [3d Dept 2012]). DSS also established that the mother's mental condition impaired her ability to care for the child (see Matter of Hannah T.R. [Soya R.], 179 AD3d 700, 701-702 [2d Dept 2020]; Matter of Thomas B. [Calla B.], 139 AD3d 1402, 1403-1404 [4th Dept 2016]), and the mother had missed a medical appointment for the child, and the child's immunizations were not up to date (see Matter of Notorious YY., 33 AD3d 1097, 1098 [3d Dept 2006]). DSS further established that, despite the availability of child care assistance from DSS, the mother's failure to comply with a work requirement resulted in a reduction to her public assistance benefits, upon which she relied for, inter alia, food, shelter and healthcare for herself and the child (see generally Matter of Jaheem M. [Cymon M.], 174 AD3d 610, 611 [2d Dept 2019]).
We also reject the contention of the mother in appeal No. 2 that the court erred in determining that it was in the best interests of the child for custody to be awarded to petitioners. Initially, we conclude that the court's determination of neglect in the Family Court Act article 10 proceeding at issue in appeal No. 1 provided the requisite threshold showing that extraordinary circumstances existed to warrant an inquiry into whether an award of custody to a nonparent is in the child's best interests (see Matter of Emma D. [Kelly V.(D.)], 180 AD3d 1331, 1332-1333 [4th Dept 2020], lv denied 35 NY3d 907 [2020]; Matter of Donald EE. v Cheyenne EE., 177 AD3d 1112, 1114-1115 [3d Dept 2019], lv denied 35 NY3d 903 [2020]; see generally Matter of Bennett v Jeffreys, 40 NY2d 543, 548 [1976]).
We further conclude in appeal No. 2 that the court's determination that it is in the child's best interests to be in the custody of petitioners has a sound and substantial basis in the record (see generally Matter of Stent v Schwartz, 133 AD3d 1302, 1304 [4th Dept 2015], lv denied 27 NY3d 902 [2016]). The evidence established that the child, who turned two during the custody hearing, was removed from the mother and placed in foster care when he was nine months old. At the time of the hearing, the child had been living with petitioners for approximately four months and was doing very well (see Matter of William AA., 24 AD3d 1125, 1127-1128 [3d Dept 2005], lv denied 6 NY3d 711 [2006]). The mother had no contact with the child since his removal more than one year earlier and had not availed herself of the resources or services offered to her by DSS (see generally Matter of Teresa J. v Tanya H., 50 AD3d 1599, 1600 [4th Dept 2008]). Petitioners ensured that the child was receiving the appropriate medical care, and they were in a better position to provide for the child's emotional, physical, and financial well being (see generally
Matter of King v King, 191 AD3d 881, 882 [2d Dept 2021]).
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court