Matter of Grayson R.V. (Jessica D.--David P.) (2021 NY Slip Op 07387)





Matter of Grayson R.V. (Jessica D.--David P.)


2021 NY Slip Op 07387


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, BANNISTER, AND DEJOSEPH, JJ.


910 CAF 20-00966

[*1]IN THE MATTER OF GRAYSON R.. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT;
and
JESSICA D., RAYMOND J., KIMBERLY K., RESPONDENTS-APPELLANTS, AND DAVID P., RESPONDENT. (APPEAL NO. 2.) 






CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT JESSICA D.
DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT RAYMOND J.
DEBORAH J. SCINTA, ORCHARD PARK, FOR RESPONDENT-APPELLANT KIMBERLY K.
REBECCA HOFFMAN, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (MICHELLE MONCHER OF COUNSEL), ATTORNEY FOR THE CHILD. 


 Appeals from a corrected order of the Family Court, Erie County (Margaret O. Szczur, J.), entered May 5, 2020 in a proceeding pursuant to Family Court Act article 10. The corrected order, among other things, determined that the subject child had been severely abused by respondents Jessica D., Raymond J., and Kimberly K. 
It is hereby ORDERED that the corrected order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, Jessica D., Raymond J., and Kimberly K. (respondents) appeal, in appeal No. 1, from an order determining that the subject child was an abused child due to the actions of respondents. In appeal No. 2, respondents appeal from a corrected order determining that the child was a severely abused child due to the actions of respondents.
At the outset, we note that the order in appeal No. 1 was superseded by the corrected order in appeal No. 2, and we therefore must dismiss appeal No. 1 (see Matter of Alex V. [Dennis V.], 172 AD3d 734, 734 [2d Dept 2019]; Matter of Eric D. [appeal No. 1], 162 AD2d 1051, 1051 [4th Dept 1990]; see generally U.S. Bank N.A. v Balderston, 163 AD3d 1482, 1483 [4th Dept 2018]). We further note that both of the notices of appeal filed by Kimberly K. apply only to the order in appeal No. 1. Nevertheless, we exercise our discretion to treat one of her notices of appeal as valid with respect to the corrected order in appeal No. 2 (see CPLR 5520 [c]; Matter of Goodyear v New York State Dept. of Health, 163 AD3d 1427, 1428 [4th Dept 2018], lv denied 32 NY3d 914 [2019]).
In appeal No. 2, we reject the contention of Raymond J. that he is not a proper respondent in this Family Court Act article 10 proceeding. Pursuant to Family Court Act § 1012 (a), a respondent "includes any parent or other person legally responsible for a child's care who is alleged to have abused or neglected such child." On the record before us, we conclude that Raymond J. "acted as the functional equivalent of a parent with respect to the . . . child, rendering him a person legally responsible for that child's care" (Matter of Donell S. [Donell S.], 72 AD3d 1611, 1612 [4th Dept 2010], lv denied 15 NY3d 705 [2010]; see Matter of Yolanda D., 88 NY2d [*2]790, 795-797 [1996]; Matter of Celeste S. [Richard B.], 164 AD3d 1605, 1606 [4th Dept 2018], lv denied 32 NY3d 912 [2019]; Matter of Mackenzie P.G. [Tiffany P.], 148 AD3d 1015, 1017 [2d Dept 2017]).
Respondents contend that petitioner did not meet its burden in establishing that the child was abused within the meaning of Family Court Act §§ 1012 (e) and 1046 (a) (ii) because the child had multiple caregivers during the relevant times. We reject those contentions. Family Court Act § 1046 (a) (ii) "provides that a prima facie case of child abuse or neglect may be established by evidence of (1) an injury to a child which would ordinarily not occur absent an act or omission of respondents, and (2) that respondents were the caretakers of the child at the time the injury occurred" (Matter of Philip M., 82 NY2d 238, 243 [1993]; see Matter of Nancy B., 207 AD2d 956, 957 [4th Dept 1994]). Section 1046 (a) (ii) "authorizes a method of proof which is closely analogous to the negligence rule of res ipsa loquitur" (Philip M., 82 NY2d at 244). Although the burden of proving child abuse rests with the petitioner (see id.; Matter of Mary R.F. [Angela I.], 144 AD3d 1493, 1493 [4th Dept 2016], lv denied 28 NY3d 915 [2017]), once the petitioner "has established a prima facie case, the burden of going forward shifts to [the] respondents to rebut the evidence of parental culpability" (Philip M., 82 NY2d at 244; see generally Matter of Devre S. [Carlee C.], 74 AD3d 1848, 1849 [4th Dept 2010]).
In this case, we conclude that petitioner established that the child suffered numerous injuries that "would ordinarily not occur absent an act or omission of respondents" (Philip M., 82 NY2d at 243). Specifically, when the child was seven months old, he was diagnosed with, among other injuries, numerous broken ribs, a fractured skull, and numerous fractures to both of his legs (see Matter of Tyree B. [Christina H.], 160 AD3d 1389, 1389 [4th Dept 2018]), which had been inflicted over the course of several months. Moreover, petitioner offered unrebutted testimony from the child's pediatrician that some of the child's fractures were the result of "repeated violent shaking," and that those types of fractures did not "occur for any other reason" (see Matter of Deseante L.R. [Femi R.], 159 AD3d 1534, 1535 [4th Dept 2018]; Matter of Wyquanza J. [Lisa J.], 93 AD3d 1360, 1361 [4th Dept 2012]).
We further conclude that petitioner established that "respondents were the caretakers of the child at the time the injur[ies] occurred" (Philip M., 82 NY2d at 243), despite the fact that the child had multiple caregivers, including other individuals who occasionally babysat the child, during the months in which he sustained his injuries. Contrary to respondents' contentions, petitioner was not required to pinpoint the exact time when the injuries occurred in order to establish which respondent was "the culpable caregiver" (Matter of Matthew O. [Kenneth O.], 103 AD3d 67, 74 [1st Dept 2012]; see Matter of Avianna M.-G. [Stephanie G.], 167 AD3d 1523, 1523-1524 [4th Dept 2018], lv denied 33 NY3d 902 [2019]). Petitioner established that respondents "shared responsibility for [the child's] care" during the time period in which the injuries were sustained (Matthew O., 103 AD3d at 75; see Matter of Fantaysia L., 36 AD3d 813, 814 [2d Dept 2007]; Matter of Seamus K., 33 AD3d 1030, 1033-1034 [3d Dept 2006]), and "the presumption of culpability extends" to all three respondents (Matthew O., 103 AD3d at 74). Thus, petitioner established a prima facie case against all three respondents (see id. at 75). In response, respondents "fail[ed] to offer any explanation for the child's injuries" and simply denied inflicting them (Philip M., 82 NY2d at 246). We therefore conclude that respondents failed to rebut the presumption of culpability (see Tyree B., 160 AD3d at 1389; Matter of Damien S., 45 AD3d 1384, 1384 [4th Dept 2007], lv denied 10 NY3d 701 [2008]).
Finally, contrary to respondents' further contentions, Family Court's finding of severe abuse is supported by the requisite clear and convincing evidence (see Family Ct Act § 1051 [e]; see generally Social Services Law § 384-b [8] [a] [i]). Indeed, the court's finding of severe abuse is supported by the "nature and severity of the child's injuries, coupled with [respondents'] failure to offer any explanation for those injuries" (Mackenzie P.G., 148 AD3d at 1017), and evidence that respondents failed to promptly seek medical attention for the child (see Matter of Mya N. [Reginald N.], 185 AD3d 1522, 1524-1525 [4th Dept 2020], lv denied 35 NY3d 917 [2020]; see generally Seamus K., 33 AD3d at 1035).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court