Matter of C. S. (Donte S.) (2023 NY Slip Op 05048)

Matter of C. S. (Donte S.)

2023 NY Slip Op 05048

Decided on October 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 05, 2023

Before: Manzanet-Daniels, J.P., Singh, Gesmer, Rodriguez, Rosado, JJ. 

Docket No. NA-08296/20, NA-08297-20 Appeal No. 709-709A Case No. 2022-04859 

[*1]In the Matter of C. S., and Another, Children Under Eighteen Years of Age, etc., Donte S., et al., Respondents-Appellants, Administration for Children's Services, Petitioner-Respondent. 

Steven P. Forbes, Huntington, for Earl S., appellant.
Daniel X. Robinson, New York, for Donte S., appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Josh Liebman of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the children.

Order of disposition, Family Court, Bronx County (Cynthia Lopez, J.), entered on or about October 18, 2022, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about July 11, 2022, which, after a hearing, found that respondent parents derivatively severely abused and neglected the subject children C. and E., unanimously affirmed, without costs. Appeal from fact-finding order unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
In light of the medical testimony that chronic starvation and malnutrition caused the death of the 23-month-old younger sibling of the subject children, petitioner established by clear and convincing evidence that the parents severely abused that child (see Matter of Heaven C.E. [Tiara C.], 164 AD3d 1177, 1177 [1st Dept 2018]; Matter of George S. [Hilton A.], 135 AD3d 563, 564 [1st Dept 2016]). A senior medical examiner at the Office of the Chief Medical Examiner conducted the autopsy of the child and testified that he weighed approximately 14 pounds — a level of emaciation that would have taken months to develop — lacked fat around his vital organs, suffered from rickets and scurvy, and had soft and osteopenic bones. Furthermore, the medical examiner stated, the child's condition affected his immune system and caused various infections, none of which had been treated by medical professionals. According to the medical examiner, the child's deteriorating condition would have been apparent, and indeed, the mother told the hospital that the child had been sick and lost approximately 10 pounds in a short period of time right before his death. The evidence showed that, during this time, the parents consistently refused to seek medical attention despite the clear severity of the child's condition. The parents failed to rebut the agency's showing of severe abuse, and the court properly drew the strongest inference against them for failing to testify or present evidence (see Matter of Ashley M.V. [Victor V.], 106 AD3d 659, 660 [1st Dept 2013]).
Based upon the finding that the younger child was severely abused, Family Court correctly determined that the subject children were derivatively severely abused. The parents' treatment of the younger sibling, in addition to the unrebutted evidence that the subject children had never received medical treatment, established that the subject children faced a severe risk of likewise being denied essential medical care (see Matter of Prince G. [Liz C.], 188 AD3d 456, 457-458 [1st Dept 2020], lv denied 36 NY3d 908 [2021] [parent who "took [a child's] medical care into her own untrained hands . . . to the point that his life was endangered" derivatively abused that child's siblings], lv denied 36 NY3d 908 [2021]; see also Matter of Marino S., 100 NY2d 361, 374 [2003] ["derivative findings of severe abuse may be predicated upon the common understanding that a parent whose judgment and impulse control are so defective [*2]as to harm one child in his or her care is likely to harm others as well"] [quotation marks omitted], cert denied sub nom. Marino S. v Angel Guardian Children & Family Servs., 540 US 1059 [2003]; Matter of Ashley M.V., 106 AD3d at 660 ["Respondent's actions showed a fundamental defect in understanding his parental obligations"]).
Petitioner also proved by a preponderance of the evidence that the parents neglected the older children by placing them in actual or imminent threat of emotional harm (Family Ct Act § 1012[f][i][B]). The record demonstrated that the subject children were living in the home with the younger child while he was slowly dying of starvation. Thus, the parents not only harmed the younger child, but also took no care to protect the older children from the emotional suffering that arose from witnessing the harm to their brother (see Matter of Stephanie WW., 213 AD2d 818, 819 [3d Dept 1995] [finding neglect based on, among other things, death of a sibling while in respondent's exclusive care]).
Finally, the father's argument that ACS failed to establish which parent was ultimately responsible for their son's death is meritless. ACS established that the parents were the only caretakers of the child during the months when he was becoming emaciated, including the final two weeks of his life when his condition rapidly deteriorated, and neither parent sought treatment. Accordingly, ACS "was not required to establish whether the mother or the father actually inflicted the injuries, or whether they did so together" (Matter of Nyheem E. [Jamila G.], 134 AD3d 517, 518 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2023