Matter of Kal-El F. (Damon H.) (2024 NY Slip Op 05704)

Matter of Kal-El F. (Damon H.)

2024 NY Slip Op 05704

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND HANNAH, JJ.

724 CAF 23-00118

[*1]IN THE MATTER OF KAL-EL F. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; DAMON H., RESPONDENT-APPELLANT.

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JORDYN E. SCHENK OF COUNSEL), ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered January 3, 2023, in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent had neglected the subject child. 
It is hereby ORDERED that the appeal insofar as it concerns the disposition except with respect to visitation is unanimously dismissed and the order is affirmed without costs.
Memorandum: In this proceeding brought pursuant to Family Court Act article 10, respondent father appeals from an order of fact-finding and disposition that, inter alia, placed the father under the supervision of petitioner, suspended his visitation with the child, and continued the child's placement with petitioner. As an initial matter, we dismiss the appeal insofar as it concerns the disposition—except with respect to the suspension of visitation—inasmuch as the father consented thereto (see CPLR 5511; Matter of Landen S. [Timothy S.], 227 AD3d 1465, 1465 [4th Dept 2024]; Matter of Noah C. [Greg C.], 192 AD3d 1676, 1676 [4th Dept 2021]). The appeal, however, brings up for review the order of fact-finding determining that he neglected the child (see Matter of Vashti M. [Carolette M.], 214 AD3d 1335, 1335 [4th Dept 2023], appeal dismissed 39 NY3d 1177 [2023]; Noah C., 192 AD3d at 1676).
Contrary to the father's contention, Family Court did not err in determining that petitioner established that the father neglected the child. To establish neglect, petitioner was required to show, by a preponderance of the evidence, " 'first, that [the] child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship' " (Matter of Jayla A. [Chelsea K.—Isaac C.], 151 AD3d 1791, 1792 [4th Dept 2017], lv denied 30 NY3d 902 [2017], quoting Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; see Family Ct Act § 1012 [f] [i]). The court's "findings of fact are accorded deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Jeromy J. [Latanya J.], 122 AD3d 1398, 1398-1399 [4th Dept 2014], lv denied 25 NY3d 901 [2015] [internal quotation marks omitted]; see Matter of Arianna M. [Brian M.], 105 AD3d 1401, 1401 [4th Dept 2013], lv denied 21 NY3d 862 [2013]; Matter of Shaylee R., 13 AD3d 1106, 1106 [4th Dept 2004]).
We conclude that a sound and substantial basis in the record supports the court's finding that the child was "in imminent danger of impairment as a result of [the father's] failure to exercise a minimum degree of care" in providing the child with adequate medical care and guardianship (Jeromy J., 122 AD3d at 1399 [internal quotation marks omitted]; see Matter of Ahren B.-N. [Gary B.-N.], 222 AD3d 1403, 1404 [4th Dept 2023], lv denied 41 NY3d 909 [2024]; see generally Matter of Hofbauer, 47 NY2d 648, 655 [1979]). Petitioner's evidence established that the child was born with a genetic disorder that caused him to have a severely [*2]compromised immune system that placed him at risk of death from even commonplace infections and illnesses. When the child was discharged from the hospital, in mid-March 2020, the father was given instructions on how to keep the child safe from infections and on the numerous follow-up appointments with medical specialists that would help manage the child's illness. Despite the father's awareness of the child's serious medical condition, he did not follow through on the instructions he was given, did not seem to appreciate the need to keep the child away from possible exposure to infection, and missed the child's first follow-up appointment with an immunology specialist (see Matter of Adam M. [Susan M.], 195 AD3d 1560, 1561 [4th Dept 2021]; Matter of Mary R.F. [Angela I.], 144 AD3d 1493, 1494 [4th Dept 2016], lv denied 28 NY3d 915 [2017]). In short, the father's "failure to follow through with necessary treatment for the child's serious medical condition supported the finding of medical neglect on his part" (Matter of Notorious YY., 33 AD3d 1097, 1098 [3d Dept 2006]). Consequently, petitioner thereby established that the father "knew or should have known of circumstances requiring action to avoid harm or the risk of harm to the child and failed to act accordingly" (Matter of Raven B. [Melissa K.N.], 115 AD3d 1276, 1278 [4th Dept 2014] [internal quotation marks omitted]; see Ahren B.-N., 222 AD3d at 1405).
With respect to the suspension of the father's visitation, a matter expressly contested by the father despite his consent to the remainder of the disposition (see generally Matter of DiNunzio v Zylinski, 175 AD3d 1079, 1080 [4th Dept 2019]; Tun v Aw, 10 AD3d 651, 652 [2d Dept 2004]), we conclude that the court's determination in that regard is supported by the record (see generally Matter of
Roseman v Sierant, 142 AD3d 1323, 1326 [4th Dept 2016]; Matter of Mallory v Mashack, 266 AD2d 907, 907 [4th Dept 1999]).
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court