■ In the Matter of CLARENCE S., JR. and Others, Children Alleged to be Neglected. ANTHONY H., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [24 NYS3d 13]—

Order of disposition, Family Court, Bronx County (Valerie A. Pels, J.), entered on or about July 17, 2014, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about July 10, 2014, which found that respondent neglected the subject children, unanimously affirmed, without costs. Appeal from the fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.

A preponderance of the evidence at the fact-finding hearing establishes that respondent neglected the subject children by committing an act of domestic violence against their mother in the children's presence and hitting the oldest child in the head with an iron during the incident (*see Nicholson v Scoppetta*, 3 NY3d 357, 372 [2004]; Family Ct Act § 1046 [b]). Family Court appropriately credited the testimony of an agency caseworker that she interviewed the two oldest children separately and that one of them described the fight between his mother and respondent and his brother's getting hit by the iron while trying to "save" his mother (*see Matter of Jared S. [Monet S.]*, 78 AD3d 536, 536 [1st Dept 2010], *lv denied* 16 NY3d 705 [2011]). The caseworker further testified that she observed a wound covered in transparent medical tape on the forehead of the oldest child and that he responded affirmatively when she told him that she had been informed that respondent caused the wound. The children's out-of-court statements were sufficiently corroborated by each other's statements, the caseworker's personal observation of the oldest child's injury, and the Domestic Incident Report, which demonstrated that an incident involving domestic violence had been reported to the police on the day in question (*see Matter of Christina F.*, 74 NY2d 532, 535-536 [1989]; *Matter of Genesis F. [Xiomaris S.]*, 121 AD3d 526 [1st Dept 2014]).

The court properly denied respondent's counsel's request for an adjournment of the fact-finding hearing at which respondent did not appear and for which he failed to request an

adjournment in advance (*Matter of Steven B.*, 6 NY3d 888 [2006]; *see also Matter of Isaac Howard M. [Fatima M.]*, 90 AD3d 559, 560 [1st Dept 2011], *lv dismissed in part, denied in part* 18 NY3d 975 [2012]). Respondent's proffered excuse for his absence, that his attendance was required at a family reunion in North Carolina, was not sufficient to establish "good cause" for an adjournment (Family Ct Act § 1048 [a]).

We have considered respondent's remaining contentions and find them unavailing. Concur—Acosta, J.P., Andrias, Manzanet-Daniels and Kapnick, JJ.