■ In the Matter of MATTHEW L. and Others, Children Alleged to be Neglected. BERLY P., Appellant; ZENEIDA A., Respondent; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [40 NYS3d 384]—

Order of disposition as to four of the subject children, Family Court, New York County (Stewart H. Weinstein, J.), entered on or about August 11, 2014, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about March 31, 2014, which found that respondent father had neglected those children, unanimously affirmed, without costs. Aforesaid order of fact-finding, unanimously affirmed, to the extent it found that respondent father had neglected the fifth subject child, and the appeal therefrom otherwise unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.

The determination that the father had neglected the subject children is supported by a preponderance of the evidence, which showed that the father had committed acts of domestic violence against respondent mother in the children's presence and had inflicted excessive corporal punishment on the children (see Family Ct Act § 1012 [f] [i] [B]). The evidence included the mother's detailed testimony concerning multiple incidents in which the father acted violently toward her, in front of the children, including dragging her by the hair and kicking her. The caseworker testified concerning out-of-court statements made by the children with respect to both the incidents of domestic violence and excessive corporal punishment, including the father's pulling of the children's hair and his hitting them with a belt and hands (see Matter of Tavene H. [William G.], 139

AD3d 633, 634 [1st Dept 2016]). Those statements were amply corroborated since each child's account of the father's behavior was essentially similar to the other children's accounts, as well as to the mother's testimony, which included her observations of physical injuries, and to the father's admissions concerning his punishment of the older three children by pulling their hair and ears (see Matter of Clarence S. [Anthony H.], 135 AD3d 436, 436 [1st Dept 2016]). The record supported the conclusion that the father's conduct went well beyond the bounds of reasonable parenting, and petitioner agency was not required to present evidence of actual injury to the children (see Matter of Adam Christopher S. [Deborah D.], 120 AD3d 1110 [1st Dept 2014]). There is no basis to depart from the court's credibility determinations (see Matter of Irene O., 38 NY2d 776, 777 [1975]).

We have considered the father's remaining arguments and find them unavailing. Concur—Friedman, J.P., Andrias, Moskowitz, Gische and Gesmer, JJ.