■ In the Matter of Kenuya G. and Others, Children Alleged to be Neglected. Avery P., Appellant; Administration for Children's Services, Respondent. [41 NYS3d 500]—

Order, Family Court, New York County (Jane Pearl, J.), entered on or about September 9, 2015, which to the extent appealed from as limited by the briefs, determined that appellant was a person legally responsible for the subject child M.W., and neglected her and derivatively neglected the other subject children, unanimously affirmed, without costs.

A person legally responsible for a child is defined as the child's "custodian, guardian, or any other person responsible for the child's care at the relevant time." A "[c]ustodian may include any person continually or at regular intervals found in the same household as the child when the conduct of such person causes or contributes to the . . . neglect of the child" (Family Ct Act § 1012 [g]). A person who "acts as the functional equivalent of a parent in a familial or household setting" is a person legally responsible for a child's care (*see Matter of Yolanda D.*, 88 NY2d 790, 796 [1996]).

The determination of whether a particular person has acted as the functional equivalent of a parent is a discretionary, fact-intensive inquiry which will vary according to the circum-

stances in each case. Factors to be considered include the frequency and nature of the contact, the nature and extent of the control exercised by appellant over the child's environment, the duration of appellant's contact with the child, and appellant's relationship with the child's parent (*Matter of Trenasia J. [Frank J.]*, 25 NY3d 1001, 1004 [2015], citing *Matter of Yolanda D.* at 796).

Appellant testified that he cared for the younger children every work day by taking them to school and picking them up, preparing meals, cleaning the home, preparing the children's clothing, grocery shopping, and providing financial assistance to the household. The school social worker and appellant both testified that M.W. lived in the home in September 2014, when the incident took place. Although appellant later changed his testimony concerning her residence, the court properly credited his initial statement and found that he was a person legally responsible for M.W. Given her age, she did not require the same hands-on care as the younger children, but his testimony reflected that he contributed to the functioning of the household of which she was a part and had frequent regular contact with her (*see Matter of Kevin N. [Richard D.]*, 113 AD3d 524 [1st Dept 2014]).

The court properly concluded that M.W.'s out-of-court statement to the school social worker that appellant had made a sexually threatening comment to her was corroborated by his criminal history of pleading guilty to raping two girls only a year or two younger than M.W. and the determination that he was a level three violent sex offender at high risk of recidivism (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112, 118-119 [1987]; *Matter of Christina F.*, 74 NY2d 532, 536 [1989]).

We have considered appellant's remaining arguments and find them unavailing. Concur—Acosta, J.P., Renwick, Moskowitz, Feinman and Kahn, JJ.