Matter of Adam C. (Charles R.) (2018 NY Slip Op 08559)





Matter of Adam C. (Charles R.)


2018 NY Slip Op 08559


Decided on December 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 13, 2018

Richter, J.P., Manzanet-Daniels, Tom, Webber, Gesmer, JJ.


7884 7883 7882

[*1]In re Adam C., A Child Under Eighteen Years of Age, etc., Charles R., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Steven N. Feinman, White Plains, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Barbara Graves-Poller of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Patricia Colella of counsel), attorney for the child.



Order, Family Court, Bronx County (Michael R. Milsap, J.), entered on or about July 21, 2017, which, inter alia, determined that respondent was a person legally responsible for the subject child, and neglected the child, unanimously affirmed, without costs.
The evidence supports the finding that respondent, who had been in a six-year relationship with the child's mother, was a person legally responsible for the child within the meaning of Family Ct Act § 1012(g). The record shows that the child referred to respondent as his stepfather, that respondent picked the child up from school when the mother was working late, and that the child and the mother regularly visited and stayed overnight at respondent's home (see Matter of Yolanda D., 88 NY2d 790, 796-797 [1996]; Matter of Keniya G. [Avery P.], 144 AD3d 532 [1st Dept 2016]; Matter of Keoni Daquan A. [Brandon W.-April A.], 91 AD3d 414, 415 [1st Dept 2012]). There exists no basis to disturb the court's credibility determinations (see Matter of Irene O., 38 NY2d 776, 777 [1975])
A preponderance of the evidence supports the finding that respondent neglected the child by engaging in an act of domestic violence, which involved pulling the mother's hair, throwing her to the ground, and punching her, in the presence of the child, who saw his mother bleeding and called 911 (see Matter of Isabella S. [Robert T.], 154 AD3d 606 [1st Dept 2017]; Matter of Allyerra E. [Alando E.], 132 AD3d 472 [1st Dept 2015], lv denied 26 NY3d 913 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 13, 2018
CLERK