Matter of Deandre C. (Luis D.) (2019 NY Slip Op 01490)





Matter of Deandre C. (Luis D.)


2019 NY Slip Op 01490


Decided on February 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2019

Friedman, J.P., Kapnick, Webber, Oing, Singh, JJ.


8543 8542

[*1]In re Deandre C., and Others, Children Under Eighteen Years of Age, etc., Luis D., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Neal D. Futerfas, White Plains, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Jessica Miller of counsel), for respondent.
Tennille M. Tatum-Evans, New York, attorney for the children Deandre C. and Danny C.
Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), for the child Shayla D.



Order of disposition, Family Court, New York County (Jane Pearl, J.), entered on or about April 5, 2017, to the extent it determined that respondent had neglected the subject children, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The court correctly determined that respondent was a person legally responsible for the care of his non-biological children Deandre C. and Danny C. within the meaning of Family Ct Act § 1012(g), as he was the "functional equivalent of a father," living with them sporadically for over five years, cooking for them, watching them after school, helping with their homework, and, after he moved out of the family home, regularly visiting and staying overnight (see Matter of Yolanda D., 88 NY2d 790, 796-797 [1996]; Matter of Keniya G. [Avery P.], 144 AD3d 532 [1st Dept 2016]).
A preponderance of the evidence supports the finding that respondent neglected Shayla D. and Deandre C. by engaging in acts of domestic violence, which involved choking their mother, kicking her, slapping her face, and throwing garbage at her in their presence (see Matter of Isabella S. [Robert T.], 154 AD3d 606 [1st Dept 2017]). The evidence also supports the court's determination that respondent neglected Deandre C. by subjecting him to excessive corporal punishment, including pushing him into a bathtub, where the child hit his head (see Matter of Antonio S. [Antonio S., Sr.], 154 AD3d 420, 420 [1st Dept 2017]). The evidence of respondent's neglect of Shayla D. and Deandre C. demonstrates an impaired level of parental [*2]judgment creating a substantial risk of harm to any child in his care, supporting the finding that respondent also derivatively neglected Danny C. (see Family Ct Act § 1046[a][i]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 28, 2019
CLERK