Matter of Katelyn P. (Christian G.) (2020 NY Slip Op 05211)





Matter of Katelyn P. (Christian G.)


2020 NY Slip Op 05211


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-12698
2019-13099
 (Docket No. NA-25359-16)

[*1]In the Matter of Katelyn P. (Anonymous). Administration for Children's Services, petitioner-respondent; Christian G. (Anonymous), respondent-appellant, et al., respondents. Richard L. Herzfeld, New York, NY, for appellant.


James E. Johnson, Corporation Counsel, New York, NY (Daniel Matza-Brown and Anna W. Gottlieb of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Susan Clement of counsel),
attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, Christian G. appeals from (1) an order of fact-finding of the Family Court, Kings County (Jacqueline B. Deane, J.), dated August 8, 2019, and (2) an order of disposition of the same court dated September 12, 2019. The order of fact-finding, after a fact-finding hearing, determined that Christian G. abused the subject child. The order of disposition, upon the order of fact-finding and after a dispositional hearing, placed Christian G. under the supervision of the petitioner for a period of 12 months and directed him to complete a sex offender treatment program.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as that order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the appeal from so much of the order of disposition as placed Christian G. under the supervision of the petitioner for a period of 12 months is dismissed, without costs or disbursements; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The appeal from so much of the order of disposition as placed the appellant under the supervision of the petitioner for a period of 12 months must be dismissed as academic, since the period of supervision has expired by its own terms (see Matter of Ava A. [Steven A.], 179 AD3d 666, 667; Matter of Aliyah T. [Jaivon T.], 174 AD3d 722, 723). However, since an adjudication of abuse constitutes a permanent and significant stigma which might indirectly affect the appellant's status in future proceedings, the appeal from so much of the order of disposition as brings up for review [*2]the findings of abuse set forth in the order of fact-finding is not academic (see Matter of Naphtali A. [Winifred A.], 165 AD3d 781, 783; Matter of Baby Boy D. [Adanna C.], 144 AD3d 1026, 1027).
We agree with the Family Court's determination that the appellant was a person legally responsible for the care of the subject child and, as such, was a proper party to the subject child protective proceeding. The evidence at the fact-finding hearing showed that the appellant resided with the child for nine months and undertook various obligations with respect to the child, including transporting her to and from school, watching her when the mother was at work, buying lunch for her, and helping her with her homework (see Family Ct Act § 1012[g]; Matter of Yolanda D., 88 NY2d 790, 797; Matter of Mackenzie P.G. [Tiffany P.], 148 AD3d 1015, 1017; Matter of Keniya G. [Avery P.], 144 AD3d 532, 532-533; Matter of Jayline R. [Jose M.], 110 AD3d 419; Matter of Matthew O. [Kenneth O.], 103 AD3d 67; Matter of Nathaniel TT., 265 AD2d 611).
Additionally, the Family Court providently exercised its discretion in directing the appellant to complete a sex offender treatment program (see Matter of Lea C. [Akil F.], 160 AD3d 724, 726-727; Matter of Caitlyn U., 48 AD3d 934, 935).
The appellant's remaining contention is unpreserved for appellate review and, in any event, without merit.
SCHEINKMAN, P.J., LEVENTHAL, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court