Matter of Jason Alexander B. (Brenda S.) (2021 NY Slip Op 04102)





Matter of Jason Alexander B. (Brenda S.)


2021 NY Slip Op 04102


Decided on June 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 29, 2021

Before: Manzanet-Daniels, J.P., Kern, Mazzarelli, Shulman, JJ. 


Docket No. NA-31586-88/16, NA-11927/16 Appeal No. 14132-14132A Case No. 2020-04445 

[*1]In the Matter of Jason Alexander B., and Others, Children Under Eighteen Years of Age, etc., Antonio G., also known as Jorge G., Respondent-Appellant, Brenda S., Respondent, Administration for Children's Services, Petitioner-Respondent.


Steven N. Feinman, White Plains, for appellant.
James E. Johnson, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the children.



Order of disposition, Family Court, Bronx County (Lynn M. Leopold, J.), entered on or about October 23, 2020, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about August 18, 2020, which found that respondent-appellant Antonio G. abused and neglected the subject children, Jason and Damira, and derivatively abused and neglected the subject children, Jayrell and Phillip, unanimously affirmed, without costs. Appeal from the fact-finding order unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The Family Court's determination that respondent sexually abused and neglected Jason and Damira is supported by a preponderance of the evidence, and the testimony of the children was not necessary to make a fact-finding determination of abuse or neglect (Family Ct Act § 1046[a][vi], [b][i]). The court properly found that Damira's detailed out-of-court statements were sufficiently corroborated by the expert testimony of a licensed clinical social worker with a specialty in child sexual abuse treatment, who directly supervised Damira's therapist, that the child suffered from posttraumatic stress disorder related to her sexual abuse and trauma (see Matter of Nicole V., 71 NY2d 112, 121-122 [1987]; Matter of Estefania S. [Orlando S.], 114 AD3d 453 [1st Dept 2014]). The testimony of Damira's therapist regarding Damira's demeanor and behavior when discussing the abuse and consistent statements concerning the abuse, and the therapy, school, and agency records recording prior statements by the child, provided further corroboration.
Respondent's contention that he was not a person legally responsible for the two eldest children is unpreserved (see Matter of Treyvone A. [Manuel R.], 188 AD3d 1182 [2d Dept 2020], lv denied 36 NY3d 908 [2021]). In any event, the argument is unavailing (see Matter of Yolanda D., 88 NY2d 790, 796-797 [1996]). At the time of the abuse, respondent was a frequent visitor in their home, staying overnight multiple times per week, bringing food and taking the children to restaurants, and the abuse occurred in their home. Damira referred to respondent as her stepfather and respondent is the biological father of two of her siblings.
Contrary to respondent's argument, his actions demonstrated that his parental judgment was so impaired such that Jayrell and Phillip were placed at substantial risk of
harm (see Matter of Markeith G. [Deon W.], 152 AD3d 424, 425 [1st Dept 2017]).
We have considered respondent's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 29, 2021