Matter of Jolieanna G. (Jennifer G.) (2022 NY Slip Op 01241)





Matter of Jolieanna G. (Jennifer G.)


2022 NY Slip Op 01241


Decided on February 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 24, 2022

Before: Acosta, P.J., Kapnick, Friedman, Singh, Pitt, JJ. 


Docket No. NA-00379/19, NA-00380/19, NA-00381/19, NA-00382/19 Appeal No. 15361 Case No. 2020-04828 

[*1]In the Matter of Jolieanna G., and Others, Children Under the Age of Eighteen Years, etc., Jennifer G., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent, James G., Sr., Nonparty-Respondent. 


The Law Offices of Salihah R. Denman, PLLC, New York (Salihah R. Denman of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Zachary S. Shapiro of counsel), for Administration of Children Services, respondent.
Leslie S. Lowenstein, Woodmere, for James G., Sr., respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the children.



Order, Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about November 13, 2020, which, after a fact-finding hearing, found that respondent mother sexually abused her eldest child and derivatively abused her other three children, and neglected all four children through the infliction of excessive corporal punishment, unanimously affirmed, without costs.
A preponderance of the evidence supports Family Court's determination that respondent sexually abused her daughter multiple times over a period of approximately 10 years beginning at age five or six (see Family Ct Act § 1012[e][iii]) and derivatively abused the other three children (see Matter of Ashley M. V. [Victor V.], 106 AD3d 659, 660 [1st Dept 2013]). Family Court providently found that evidence at the fact-finding hearing corroborated the child's out-of-court statements as the witnesses testified to virtually all aspects of her detailed and consistent account of the sexual abuse (see Matter of Nicole V., 71 NY2d 112, 118 [1987]; Matter of A.P. [M.P.],183 AD3d 535, 536 [1st Dept 2020]). The "consistency, detail, and specificity of the statements over time [] enhanced their reliability" (Matter of Krystal N. [Juan R.], 193 AD3d 602 [1st Dept 2021]), and the statements reflected age inappropriate knowledge of sexual behavior and the use of the sex toys (see Matter of Cerenity F. [Jennifer W.], 160 AD3d 540 [1st Dept 2018]). In addition, the nonrespondent father and the caseworker observed the behavior of the child, including fear of the mother and crying, which provided some corroboration of the statements (see Matter of Anahys V. [John V.], 68 AD3d 485, 486 [1st Dept 2009]). The sibling who testified also described respondent engaging in other sexually inappropriate conduct, such as getting into bed with her without wearing underwear. Having heard the witnesses and carefully evaluated the testimony, Family Court's credibility assessments are entitled to deference (see Matter of Irene O., 38 NY2d 776 [1975]). The finding that respondent derivatively abused the other three children was supported by the evidence of sexual abuse of the oldest child since her "actions showed a fundamental defect in understanding [her] parental obligations" (Matter of Ashley M. V., 106 AD3d at 660).
Family Court likewise providently found that respondent neglected each of the four children through the infliction of excessive corporal punishment. The child who testified said that the mother would smack the children across the face, leaving red handprints on their faces, would hit her two sons with a belt, and on one occasion dragged the older son by his hair and banged his head against the toilet bowl (see Matter of Matthew L. [Berly P.—Zeneida A], 143 AD3d 645, 645-646 [1st Dept 2016]).
We have considered respondent's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2022