Matter of M.R. (Manuel R.) (2024 NY Slip Op 06137)

Matter of M.R. (Manuel R.)

2024 NY Slip Op 06137

Decided on December 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2024

Before: Webber, J.P., Moulton, Mendez, Pitt-Burke, O'Neill Levy, JJ. 

Docket No. NA-0032/22 Appeal No. 3186 Case No. 2022-05468 

[*1]In the Matter of M.R. and Another, Children Under Eighteen Years of Age, etc., Manuel R., et al., Respondents-Appellants, Administration for Children's Services, Petitioner-Respondent. 

Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for Manuel R., appellant.
Larry S. Bachner, New York, for Regina F., appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York (Eva L. Jerome of counsel), for respondent.
Kenneth M. Tuccillo, Hasting on Hudson, attorney for the child, S.R.
Youth Defense Center Inc., Bronx (Ronald G. Fisher of counsel), for the child, M.R.

Order of fact-finding, Family Court, Bronx County (Robert D. Hettleman, J.), entered on or about November 14, 2022, insofar as it determined, after a hearing, that respondent Manuel R. sexually abused the subject child and derivatively abused the younger child, and that respondent mother neglected the subject child and derivatively neglected the younger child, unanimously affirmed, without costs.
Family Court's determination that Manuel R., a person legally responsible for the subject child, sexually abused the child was supported by a preponderance of the evidence (see Family Ct Act §§ 1012[e][iii]; 1046[b][i]; see also Matter of Alexis W. [Efrain V.], 159 AD3d 547, 547 [1st Dept 2018]).
The court properly determined that the subject child's statements made to their treating therapist were independently admissible and did not require corroboration because they were relevant to the subject child's treatment, diagnosis, and discharge (see Matter of E.H. [M.H.], 209 AD3d 582, 583 [1st Dept 2022]).
The subject child's out-of-court statements were amply corroborated by the witnesses who testified to the subject child's detailed account of sexual abuse (see Matter of Nicole V., 71 NY2d 112, 118 [1987]; Matter of Jolieanna G. [Jennifer G.], 202 AD3d 622, 623 [1st Dept 2022]). The caseworker and treating therapist testified how the subject child described a pattern of behavior by Manuel R., which escalated from touching to more severe forms of abuse, coupled with favors to elicit the subject child's compliance. The subject child's statements were further corroborated by the expert testimony of the supervisor of the subject child's therapist, that the subject child suffered from anxiety and major depressive disorder consistent with the subject child being a victim of sexual abuse and trauma (see Jaylyn Z. [Jesus O.], 170 AD3d 516, 517 [1st Dept 2019]; Matter of Dorlis B. [Dorge B.], 132 AD3d 578, 579 [1st Dept 2015]; Matter of Estefania S. [Orlando S.], 114 AD3d 453, 453 [1st Dept 2014]). The testimony of the ACS caseworker and therapist regarding the subject child's change in demeanor and behavior when discussing the abuse provided further corroboration (see Matter of Jason Alexander B. [Antonio G.], 195 AD3d 566, 567 [1st Dept 2021]). Moreover, the absence of physical injury to the subject child is not fatal to a finding of sexual abuse (see Matter of Skylean A.P. [Jeremiah S.], 136 AD3d 515, 515 [1st Dept 2016], lv denied 27 NY3d 907 [2016]).
Family Court properly discounted the subject child's later out-of-court recantations of the allegations of sexual abuse, particularly in light of evidence of pressure on the subject child by the mother to retract the allegations (see e.g. Matter of James L.H. [Lisa H.], 182 AD3d 990, 991-992 [4th Dept 2020], lv denied 35 NY3d 910 [2020]; Matter of Melody H. [Dwayne H.], 121 AD3d 686, 687 [2d Dept 2014]; Matter of Harrhae Y. [Shy-Macca Ernestine B.], 112 AD3d 512, 513 [1st Dept 2013]).
Manuel R.'s sexual abuse [*2]of the subject child demonstrated a fundamental defect in understanding of his parental obligations, supporting a derivative abuse finding of the younger child (see Matter of M.S. [Andrew S.], 198 AD3d 547, 548 [1st Dept 2021]).
Family Court properly found that the mother neglected the child because, despite being faced with the allegations of sexual abuse, she failed to meaningfully and appropriately respond to the subject child's disclosure and created an environment detrimental to the subject child's mental health (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]; see also Matter of T.S. [K.A.], 200 AD3d 569, 570 [1st Dept 2021], lv denied 38 NY3d 904 [2022]). Moreover, the mother repeatedly dismissed the subject child's allegations and continued to side with Manuel R. without any concern for the subject child (see Matter of David R. [Carmen R.], 123 AD3d 483, 485 [1st Dept 2014]).
The findings of derivative neglect against the mother with respect to the younger child were appropriate since her failure to respond appropriately following the subject child's disclosures evinced such an impaired level of judgment as to create a substantial risk of harm to the younger child (see Family Ct Act § 1046[a][i]; see also Matter of Derrick GG. [Jennifer GG.], 177 AD3d 1124, 1126 [3d Dept 2019], lv denied 35 NY3d 902 [2020]).
We have reviewed the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2024