Matter of A.M. (Adgraile E.) (2024 NY Slip Op 06157)

Matter of A.M. (Adgraile E.)

2024 NY Slip Op 06157

Decided on December 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 10, 2024

Before: Renwick, P.J., Friedman, Shulman, Pitt-Burke, Rosado, JJ. 

Docket No. NA-03222/22, NA-03223/22, NA-03224/22 Appeal No. 3216 Case No. 2023-06196 

[*1]In the Matter of A.M., and Others, Children Under Eighteen Years of Age, etc., Adgraile E., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Daniel X. Robinson, New York, for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York (Eva L. Jerome of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Zoe Allen of counsel), attorney for the children.

Order of fact-finding and disposition (one paper), Family Court, Bronx County (Gigi N. Parris, J.), entered on or about November 16, 2023, which, to the extent appealed from as limited by the briefs, determined, after a hearing, that respondent-appellant, a person legally responsible for the subject children, sexually abused the subject child A.M. and derivatively abused the other two subject children, unanimously affirmed, without costs.
A preponderance of the evidence supported the finding that appellant sexually abused A.M. (Family Ct Act § 1046[a][vi]; Matter of Nicole V., 71 NY2d 112, 118 [1987]). A.M.'s statements to medical personnel at St. Barnabas Hospital and Metropolitan Hospital were independently admissible and did not require corroboration because they were relevant to the child's treatment, diagnosis, and discharge and therefore constituted an exception to the rule against hearsay (see Matter C.L. of E.H. [M.H.], 209 AD3d 582, 583 [1st Dept 2022]). Similarly, Family Court providently exercised its discretion in determining that A.M.'s specific and consistent out-of-court statements to the agency caseworker detailing the sexual abuse were sufficiently corroborated by the medical records and by her sibling's out-of-court statements to the caseworker (see Matter of Samantha F. [Edwin F.], 169 AD3d 549, 549 [1st Dept 2019], lv dismissed 33 NY3d 1042 [2019]; Matter of Milagros C. [Rosa R.], 121 AD3d 481, 482 [1st Dept 2014]). The medical records admitted into evidence, without objection from appellant, which evidenced the presence of "male DNA" found on A.M. during her medical examination along with other biological evidence recovered therefrom further corroborated A.M.'s statements. The record also contains numerous observations by the caseworker, medical personnel, A.M.'s mother, and A.M.'s sibling that after A.M. reported the incident of sexual abuse, she demonstrated fear, anxiety, distress, and trauma. These observations further corroborate A.M.'s account (see Matter of Jolieanna G. [Jennifer G.], 202 AD3d 622, 623 [1st Dept 2022]). Thus, the record as a whole supported a finding of sexual abuse (see Matter of Corey J. [Corey J.], 157 AD3d 449, 450 [1st Dept 2018]).
The court did not deprive appellant of an opportunity to cross-examine the caseworker regarding testimony in which she recounted a statement by J.M. regarding appellant's conduct. On the contrary, the court invited appellant's counsel to cross-examine the caseworker as to the basis for the testimony, yet counsel chose not to do so. Nor did the court otherwise restrict appellant from establishing his defense. Furthermore, the court was entitled to draw the strongest adverse inference against appellant for his failure to testify and present evidence of an alternative version of events (see Matter of Nicole H., 12 AD3d 182, 183 [1st Dept 2004]).
Based upon appellant's behavior which "evinced such an impaired level of judgment as to create a substantial risk of harm" [*2]to the children, Family Court properly entered a derivative abuse finding against appellant as to J.G. and J.M., who were living in the home where appellant stayed (see Matter of S.T.B. [Gerald C.], 225 AD3d 414, 415 [1st Dept 2024]; Matter of Cristalyn G. [Elvis S.], 158 AD3d 563, 564 [1st Dept 2018]). The evidence that appellant sexually abused A.M. demonstrated, by a preponderance of the evidence, a fundamental defect in his understanding of the duties of parenthood (see Matter of Ashley M. V. [Victor V.], 106 AD3d 659, 660 [1st Dept 2013]; Matter of Vincent M., 193 AD2d 398, 404 [1st Dept 1993]).
We have considered appellant's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2024