Matter of I.M. (R.L.) (2024 NY Slip Op 06304)

Matter of I.M. (R.L.)

2024 NY Slip Op 06304

Decided on December 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 17, 2024

Before: Kern, J.P., Singh, González, Kennedy, Higgitt, JJ. 

Docket No. N17616/22, NA-17616-17/22, NA-1140/23 Appeal No. 3269 Case No. 2023-03103 

[*1]In the Matter of I.M., and Others, Children Under Eighteen Years of Age, etc., R.L., Respondent-Appellant, Meryl M., Nonparty Respondent, Administration for Children's Services, Petitioner-Respondent.

Stephen N. Feinman, White Plains, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Chase H. Mechanick of counsel), for Administration for Children's Services, respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Claire V. Merkine of counsel), attorney for the children.

Order of fact-finding and disposition (one paper), Family Court, Bronx County (Robert D. Hettleman, J.), entered on or about April 28, 2023, which, to the extent appealed from as limited by the briefs, determined, after a hearing, that appellant sexually abused the subject child I.M. and derivatively abused the other two subject children, unanimously affirmed, without costs.
Family Court's finding that appellant was a person legally responsible for his niece, I.M., within the meaning of Family Ct Act § 1012(g) is supported by the evidence establishing that, for a period of several years, appellant lived with I.M. and her family, picked I.M. up from school, along with his own daughter, and often watched her until her stepfather returned home from work (see Matter of Keniya G. [Avery P.], 144 AD3d 532, 533 [1st Dept 2016]; Matter of Jayline R. [Jose M.], 110 AD3d 419, 420 [1st Dept 2013]).
A preponderance of the evidence supports the finding that appellant sexually abused I.M. several times over a period of several years (see Family Ct Act § 1046[a][vi]; [b][i]). I.M.'s statements to her therapist were independently admissible and did not require corroboration because they were relevant to I.M's diagnosis and treatment and therefore constituted an exception to the rule against hearsay (see Matter of E.H. [M.H.], 209 AD3d 582, 583 [1st Dept 2022]).
Family Court also providently exercised its discretion in determining that I.M's out-of-court statements made on separate occasions to the agency caseworker, her stepfather, and the forensic interviewer in which she detailed the sexual abuse were sufficiently corroborated by the mental health records and by the record as a whole (see Matter of Corey J. [Corey J.], 157 AD3d 449, 450 [1st Dept 2018]). The record contains observations, including by I.M's therapist and stepfather, that, after I.M. disclosed the sexual abuse, she demonstrated fear, anxiety, distress, and trauma. These observations further corroborate I.M.'s account (see Matter of Jolieanna G. [Jennifer G.], 202 AD3d 622, 623 [1st Dept 2022]). Additional corroboration is provided by the facts that I.M.'s account included specific details (see Matter of Milagros C. [Rosa R.], 121 AD3d 481, 482 [1st Dept 2014]) and reflected "age-inappropriate knowledge of sexual behavior" (see Matter of Cerenity F. [Jennifer W.], 160 AD3d 540, 541 [1st Dept 2018] [internal quotation marks omitted]). Furthermore, the court was entitled to draw the strongest negative inference against appellant for his failure to testify (see Matter of Nicole H., 12 AD3d 182, 183 [1st Dept 2004]).
The court properly entered a derivative abuse finding against appellant as to his two biological children. One of the children lived in the same home with I.M. during the period that appellant was abusing her (see Matter of Cristalyn G. [Elvis S.], 158 AD3d 563, 564 [1st Dept 2018]). The evidence that appellant sexually abused I.M. while their families were living in the same residence [*2]demonstrated a fundamental defect in his understanding of the duties of parenthood (see Matter of Ashley M.V. [Victor V.], 106 AD3d 659, 660 [1st Dept 2013]).
We have considered appellant's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2024