Matter of Paris M. (Darrin S.) (2025 NY Slip Op 05381)

Matter of Paris M. (Darrin S.)

2025 NY Slip Op 05381

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, DELCONTE, AND KEANE, JJ.

669 CAF 23-01993

[*1]IN THE MATTER OF PARIS M. AND PATIENCE J.  ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT;
and
DARRIN S., RESPONDENT-APPELLANT. 

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (RUSSELL E. FOX OF COUNSEL), ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), dated October 23, 2023, in a proceeding pursuant to Family Court Act article 10. The order determined that respondent had abused the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent appeals from an order of fact-finding determining, following a hearing, that he abused his girlfriend's child and derivatively abused the child's sibling. Respondent contends that petitioner failed to establish by a preponderance of the evidence that the alleged abuse occurred inasmuch as the out-of-court allegations that he sexually abused the child were not sufficiently corroborated. Contrary to respondent's contention, Family Court did not err in determining that the child's out-of-court statements alleging that respondent sexually abused her on multiple occasions "were sufficiently corroborated by other evidence tending to support their reliability" (Matter of Lydia C. [Albert C.], 89 AD3d 1434, 1435 [4th Dept 2011]; see Family Ct Act § 1046 [a] [vi]). "Courts have considerable discretion in determining whether a child's out-of-court statements describing incidents of abuse have been reliably corroborated and whether the record as a whole supports a finding of abuse . . . , and [t]he legislature has expressed a clear intent that a relatively low degree of corroborative evidence is sufficient in" child protective proceedings (Matter of Skyler D. [Joseph D.], 185 AD3d 1515, 1516 [4th Dept 2020] [internal quotation marks omitted]). Here, the sibling's accounts of the preferential treatment respondent provided to the child and the reason why the child and the sibling ran away from their mother's home "[gave] sufficient indicia of reliability to [the child's] out-of-court statements" (Matter of Janiece B. [James D.B.], 93 AD3d 1335, 1335 [4th Dept 2012] [internal quotation marks omitted]; see Matter of Nicole V., 71 NY2d 112, 117-118 [1987], rearg denied 71 NY2d 890 [1988]). The allegations of sexual abuse were further corroborated by a prior determination that respondent was a level two sex offender (see Matter of Keniya G. [Avery P.], 144 AD3d 532, 533 [1st Dept 2016]). Moreover, the court had the opportunity to assess the child's credibility inasmuch as the court admitted in evidence a recording of the child's forensic interview, in which she described the incidents of abuse (see Matter of Kristina S. [Michael S.], 160 AD3d 1057, 1058 [3d Dept 2018]).
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court