Matter of M.T. v Lerry T. (2025 NY Slip Op 07236)

Matter of M.T. v Lerry T.

2025 NY Slip Op 07236

Decided on December 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 23, 2025

Before: Kennedy, J.P. SEQ CHAPTER \h \r 1, Kapnick, Rodriguez, Michael, Hagler, JJ. 

Docket No. N-02870-72/22|Appeal No. 5439|Case No. 2025-00212|

[*1]In the Matter of M.T., and Others, Children Under Eighteen Years of Age, etc., Administration for Children's Services, Petitioner-Respondent,
vLerry T., Respondent-Appellant, Maribel H., Respondent.

Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (MacKenzie Fillow of counsel), for respondent.
Carol L. Kahn, New York, attorney for the children, M.T. and Y.T.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the child, J.O.

Order of disposition, Family Court, Bronx County (E. Grace Park, J.), entered on or about September 9, 2024, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about August 30, 2024, which found that respondent-appellant sexually abused J.O., a child for whom respondent was legally responsible, and derivatively abused and neglected M.T. and Y.T., respondent's biological children, and entered a final order of protection directing respondent to stay away from his biological children until September 8, 2025, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
A preponderance of the evidence supports Family Court's determination that respondent Lerry T., a person legally responsible for J.O., forcibly touched her on or about March 7, 2022, and that he derivatively abused and neglected the two younger children (see Family Ct Act §§ 1012[e][iii]; 1046[b][i]; Matter of J.L. [J.A.L.], 228 AD3d 474, 474 [1st Dept 2024]). Respondent A testimony corroborated J.O.'s out-of-court statements because he testified that J.O. and M.T. slept in his bedroom on March 7, 2022 (see Matter of A.P. [M.P.], 183 AD3d 535, 536 [1st Dept 2020]).
Family Court properly determined that J.O.'s out-of-court statements, as testified to by the pediatrician who evaluated J.O. after the child was hospitalized for suicidal ideations, were independently admissible and did not require corroboration because they were relevant to J.O.'s treatment, diagnosis and discharge and therefore constituted an exception to the hearsay rule (see Matter of E.H. [M.H.], 209 AD3d 582, 583 [1st Dept 2022]). The expert testimony of the pediatrician, who opined that the child's "disclosure [was] consistent with sexual abuse" was sufficient to support a finding of sexual abuse (see Matter of M.S. [Andrew S.], 198 AD3d 547, 547-548 [1st Dept 2021]; Matter of Jaylyn Z. [Jesus O.], 170 AD3d 516, 517 [1st Dept 2019]).
Furthermore, J.O.'s out-of-court statements, as reported in petitioner's progress notes, establish that J.O. told CPS on March 8, 2022, the day after the incident, that the child and M.T. had been sleeping in the same bed with respondent when respondent touched J.O.'s private parts. The progress notes also establish that J.O. told CPS that respondent grabbed the child's wrist after being told that the child was going to call the police, and that CPS observed J.O.'s right wrist "to be a little swollen and red." Thus, J.O.'s out-of-court statements to CPS were corroborated by the caseworker's observation that the child's right wrist was a little swollen and red the day after the incident (see Matter of Nicole V., 71 NY2d 112, 118 [1987]).
Additionally, the supervising caseworker assigned to the family testified that after J.O. reported the incident of sexual abuse, the child was nervous, anxious, sad, crying, trembling, and shaking. These observations further corroborate J.O.'s account (see Matter of Jolieanna G. [Jennifer G.], 202 AD3d 622, 623 [1st Dept 2022]). Accordingly, the record supports the finding that respondent sexually abused J.O. on or about March 7, 2022 (see Matter of Corey J. [Corey J.], 157 AD3d 449, 450 [1st Dept 2018]). Respondent's intent to gain sexual gratification from touching J.O. was properly inferred from the acts themselves (see Matter of Maria S. [Angel A.], 185 AD3d 437 [1st Dept 2020]).
Respondent's sexual abuse of J.O. supports a finding of derivative abuse with respect to M.T and Y.T., since it demonstrates that his understanding of his parental obligations is so defective as to place them at substantial risk, especially since M.T. was present when the abuse occurred (see Matter of E.H. [M.H.], 209 AD3d at 583). That Y.T. was not present when the abuse occurred does not undermine findings of derivative abuse and neglect (see Matter of Karime R. [Robin P.], 147 AD3d 439, 441 [1st Dept 2017]).
Contrary to petitioner's contention, the expiration of the order of protection does not render this portion of the appeal moot (see Matter of Shirley D.-A. v Gregory D.-A., 168 AD3d 635, 635 [1st Dept 2019]). However, contrary to respondent's contention, the length of the stay-away order did not violate Family Court Act § 1056(1). The order of protection entered on behalf of Y.T. and M.T. expired when the dispositional order expired by its own terms on September 8, 2025 (see Matter of Sheena D., 8 NY3d 136, 141 [2007]).
There is no basis for disturbing Family Court's credibility determinations, which are accorded deference on appeal (see Matter of Irene O., 38 NY2d 776, 777 [1975]).
We have considered respondent's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 23, 2025